UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH POSEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EQUIFAX, INC., et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01322-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS<br><br>(ECF Nos. 94, 96, 100)<br><br>FOURTEEN-DAY DEADLINE |

　　　　This matter is before the Court on an order for Plaintiff Jeremiah Posey, proceeding *pro se*, to show cause why he has failed to participate in these proceedings and obey the order of this Court and why sanctions, up to and including terminating sanctions, should not be imposed for his failure to appear at the telephonic status conference and provide his telephone number. A show cause hearing was held on January 10, 2017, before Magistrate Judge Barbara A. McAuliffe. Counsel for Defendant Equifax Inc., Thomas Quinn, Jr. and Counsel for Defendant Experian Information Solutions, Inc., Jennifer Sun, both appeared telephonically at the hearing. Plaintiff Jeremiah Posey did not appear.

　　　　For the reasons discussed below, the Court recommends that this action be dismissed, with prejudice, based on Plaintiff Jeremiah Posey's failure to prosecute this action and failure to obey orders of the Court.

**BACKGROUND**

On September 8, 2016, the Court issued an order requiring the parties to attend an Initial Scheduling Conference on December 20, 2016, at 8:30 a.m. in Courtroom 8 (BAM) before the undersigned. (Doc. 2). On December 20, 2016, counsel for Defendants appeared at the scheduling conference, however, Plaintiff Jeremiah Posey failed to appear. As a result, the scheduling conference could not proceed. Further, at the conference, defense counsel informed the Court that Plaintiff had refused to provide his telephone number and there had been no verbal communication with Plaintiff since the action was filed. Accordingly, on December 20, 2016, the Court issued an order directing Plaintiff Jeremiah Posey to show cause why he had failed to participate in these proceedings and obey the order of this Court and why sanctions, up to and including terminating sanctions, should not be imposed for his failure to appear at the Initial Scheduling Conference and provide his telephone number. (Doc. 17). The Court ordered Plaintiff Jeremiah Posey to respond to the order to show cause in writing no later than January 5, 2017, and set a show cause hearing for January 10, 2017, at 10:00 a.m. in Courtroom 8 (BAM) before the undersigned. Plaintiff also was ordered to appear at the show cause hearing in person. (*Id.*).

To date, Plaintiff Jeremiah Posey has not filed a written response to the Court's show cause order. Plaintiff also failed to appear in person at the show cause hearing on January 10, 2017. At the hearing, defense counsel also represented that there has been no communication with Plaintiff Jeremiah Posey in the interim between the date set for the Initial Scheduling Conference and the show cause hearing.

**LEGAL STANDARD**

Local Rule 110 of the Eastern District of California provides that "[f]ailure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. R. 110. A federal court possesses the inherent power to sanction conduct that abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *see also Shead v. Vang*, No. 1:09-cv-00006-AWI-SKO-PC, 2012 WL 3861243, at * 1 (E.D. Cal. Sept. 5, 2012) (federal courts have the inherent authority to sanction conduct abusive of the judicial process; dismissal with prejudice is an available

sanction). Further, "[d]istrict courts have inherent power to control their dockets," and in exercising that power, may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution or for failure to obey court orders, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey*, 856 F.2d at 1440 (quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

**DISCUSSION**

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Here, the action has been pending in this Court for more than four months, but due to Plaintiff's repeated failure to appear, cannot move forward to resolution. Plaintiff is obligated to comply with the Court's orders and the Federal Rules of Civil Procedure, and was informed of the need to appear at the Initial Scheduling Conference. Despite Plaintiff's failure to appear, the Court

3

nonetheless permitted Plaintiff an opportunity to appear and to prosecute this action by issuing its show cause order. The Court's effort was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

With regard to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish* at 991). However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* In this instance, it is Plaintiff's failure to prosecute this case and to comply with the Court's orders that is causing delay. Therefore, the third factor weighs in favor of dismissal.

Because public policy favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re PPA*, 460 F.3d at 1228.

Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court and parties from further unnecessary expenditure of their resources. Plaintiff's failure to appear renders monetary sanctions of little use, and given the stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case. Moreover, Plaintiff was warned expressly that his failure to respond to the show cause order or his failure to appear at the January 10, 2017 hearing would result in the imposition of sanctions, including a recommendation of dismissal. (Doc. 17 at 3). The court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-133; *Henderson*, 779 F.2d at 1424.

**CONCLUSION AND RECOMMENDATION**

For the reasons stated, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey court orders.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 10, 2017**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE

5